## CHOWNING v
## AJAX MOTOR SERVICE, Inc

Ohio Appeals, 1st Dist, Hamilton Co

No 5473. Decided Nov 7, 1938

Morris & Barbour, Cincinnati, for appellee..

Clarence M. Smith, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

As a result of a trial a verdict was returned for $7500.00, for wrongfully causing the death of Edward C. McLaughlin, and judgment was rendered on that verdict by the Court of Common Pleas of Hamilton County, in which it was returned. This appeal is from that judgment.

Various errors are assigned, all of which we have considered and will notice briefly.

(1) It is contended that the court erred

294

in admitting evidence of a statement made by the operator of the automobile that struck the decedent. This statement was made one or two minutes after the collision, while still at the scene and related to the speed at which the automobile was going. His statement was "I wasn't going over forty." His statement on the witness stand was that he was not exceeding thirty-five miles per hour.

Assuming without deciding that this statement is not admissible as a part of the res gestae, we are of the opinion that the error, if any, was not prejudicial under the circumstances of this trial. It will be observed that the statement does not carry an admission that he was going at any specific speed. There was no conflict between his testimony and this extra-judicial statement.

Furthermore, we are not convinced that had this operator's statement been positive and of great probative value, it would not have been admissible, regardless of whether it was a part of the res gestae—just the contrary.

At the time of this accident, this operator was treasurer and a general manager of the business of the defendant corporation, and so engaged at the time. Under such circumstances, he represented the corporation not merely in operating the automobile, but in all its other relations with the public. 13 Am. Jur., 888, and 10 Ohio Jur., 759. He so far stood in the stead of the corporation that he was called for cross-examination by the plaintiff under favor of §11497, GC. The admission of this evidence was not error—certainly, not prejudicial error.

(2) The next error assigned relates to the charge of the court on the subject of the nature of an action for wrongfully causing death. In a general introductory statement the court said on this subject that:

"Now, this case is what is known as an action for wrongful death and it arises by virtue of §§10509-166 and 10509-167 GC. By virtue of those statutes it is provided that when death is caused by wrongful act, by neglect or by default such as would have entitled the injured person to maintain an action for the recovery of damages, if death had not ensued, the person who would have been liable if death had not ensued shall be answerable to an action, notwithstanding the death of the party injured. If, as a matter of fact, Edward Claud McLaughlin was negligently injured in the manner set forth in the plaintiff's petition, by the defendant and could have maintained an action against the defendant for such damages as he might prove that he had sustained by reason of defendant's wrongful act, neglect or default; then it is provided that Edward Claud McLaughlin, having died, as claimed by the plaintiff, whatever rights he had or might have had in his life by reason of the accident, had he lived, are preserved by this statute to his next of kin."

Complaint is directed against the last sentence of this quotation. There is no doubt that it is inaccurate. However, it was followed immediately by this statement:

"In other words, the statute provides that the action shall be for the benefit of the widow, husband, children, or for the benefit of the next of kin, if there be no wife, husband, or children, and while this action is brought by the plaintiff here as administratrix, she does not bring it on her sole behalf, but she brings it for the sole benefit of the brothers and sisters, and next of kin, and they must show a pecuniary loss or damage in order to recover anything under the statute."

And later in the charge the court directed the jury's attention to the measure of damages and gave a full, complete, and accurate statement of the rule, and in express terms excluded bereavement of the survivors, suffering of the deceased, and punitive or exemplary damages, and limited the recovery to pecuniary loss of those for whose benefit the action was prosecuted. Under such circumstances we are clear that the inaccuracy in the general statement was not misleading or prejudicial.

(3) A city ordinance was pleaded and proved embodying the provisions of §12603, GC, and the court charged the jury that violation of the ordinance or statute "would be negligence per se or negligence as a matter of law," but the court proceeded at length to explain his meaning and among other things said: "To determine whether or not, under the circumstances the rate of speed at which you shall find the defendant's agent was operating the car at the time of the accident was or was not negligence, you will have to take into consideration all the circumstances surrounding the traffic conditions at the location at the time of the accident."

While neither the ordinance nor the statute impose a specific requirement, the vio-

lation of which would be, strictly speaking, negligence per se, the use of that phrase to characterize a disregard of the standard of due care prescribed by them is not prejudicial. This is the ruling of the court in Swobodo v Brown, 129 Oh St 512; Tresise v Ashdown, 118 Oh St 307, did not involve the violation of either a statute or an ordinance. The two cases are so dissimilar that no mention is made of the former in the latter, notwithstanding both opinions were written by the same judge.

What is here said also expresses our views as to the objection to the charge relating to other ordinances and statutes.

We find it impossible to say that the verdict is against the manifest weight of the evidence, or that it is excessive.

For these reasons, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.